1  **WO**                                                                                   MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward F. Parks, | No. CV 11-8175-PCT-GMS (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Mohave County Sheriff's Department, et al., | |
| Defendants. | |

On November 10, 2011, Plaintiff Edward F. Parks, who was confined in the Mohave County Jail when he filed this lawsuit, but has been released, filed a *pro se* Complaint. In a December 8, 2011 Order, the Court noted that Plaintiff had not paid the $350.00 civil action filing fee or filed an Application to Proceed *In Forma Pauperis*. The Court gave Plaintiff 30 days to pay the filing fee or file a complete Application to Proceed *In Forma Pauperis*.

On December 29, 2011, Plaintiff filed a Application to Proceed *In Forma Pauperis*. In a January 11, 2012 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to either pay the filing fee or file a complete Application to Proceed *In Forma Pauperis*.

On February 9, 2012, Plaintiff filed a second Application to Proceed *In Forma Pauperis*. The Court will grant the second Application to Proceed and will dismiss this lawsuit.

## I. Second Application to Proceed

Plaintiff's second Application to Proceed will be granted. 28 U.S.C. § 1915(a). The Court, in its discretion, will grant Plaintiff *in forma pauperis* status and will not require Plaintiff to pay the filing fee.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th

Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

**III.    Lack of Jurisdiction**

Federal courts have limited jurisdiction, and limitations on the court's jurisdiction must neither be disregarded nor evaded. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004). See also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Rule 8(a) of the Federal Rules of Civil Procedure requires that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ." In order to proceed in federal court, Plaintiff must demonstrate some right of action and legal entitlement to the damages he seeks. In this case, the most likely source of a right to sue is **42 U.S.C. § 1983**. The Court has jurisdiction over such cases pursuant to **28 U.S.C. § 1343(a)(3)**.

Plaintiff has not alleged that his Complaint arises pursuant to 42 U.S.C. § 1983 or that the Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3). He has alleged that the case arises pursuant to "other," but has not explained what "other" is; he has alleged no jurisdictional basis at all. Thus, the Court will dismiss Plaintiff's Complaint, without prejudice, for lack of subject matter jurisdiction. See Watson v. Chessman, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005) ("The court will not . . . infer allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must always be affirmatively alleged.").

**IV.    Dismissal without Leave to Amend**

Although Plaintiff could cure by amendment the jurisdictional defect identified in this Order, the Court will not grant leave to amend. The case, even with a proper jurisdictional basis, must be dismissed under the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971).

The abstention doctrine set forth in Younger, prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972). Special circumstances occur "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980) (quoting Perez v. Ledesma, 401 U.S. 82, 85 (1971)).

In the Request for Relief section of his Complaint, Plaintiff seeks "[r]elease from these fake charges[;] not guilty of assault[;] no ticket was issued, July 15, 201[1]." Based on Plaintiff's allegations, Younger abstention is appropriate.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 9) is **granted**. Plaintiff is granted *in forma pauperis* status and may proceed without payment of the filing fee.

(2) The Complaint (Doc. 1) is **dismissed** without prejudice for lack of subject matter jurisdiction, and the Clerk of Court must enter judgment accordingly.

(3) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 15th day of February, 2012.

*H. Murray Snow*
G. Murray Snow
United States District Judge